UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CARDINAL HEALTH 200, LLC,**

    **Plaintiff,**

    v.

**ALLSCRIPTS, LLC,** *et al.***,**

    **Defendants.**

Civil Action 2:13-cv-305
Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

### REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge for a Report and Recommendation on Defendants' Motion to Dismiss or in the Alternative Transfer Venue (ECF No. 16) and Plaintiff's Motion for Costs and Fees (ECF No. 25). For the reasons that follow, it is **RECOMMENDED** that this Court **REMAND** this action to the Franklin County Court of Common Pleas Civil Division, Ohio; **GRANT IN PART AND DENY IN PART** Plaintiff's Motion (ECF No. 25); and **DENY AS MOOT** Defendants' Motion to Dismiss (ECF No. 16).

**I.**

On February 27, 2013, Plaintiff filed this action in state court asserting state-law breach-of-contract and declaratory judgment claims against Defendants, Allscripts, LLC, Allscripts Healthcare, LLC, and Allscripts Healthcare Solutions, Inc. The Complaint identified Plaintiff as a Delaware limited liability company with its principal place of business in Dublin, Ohio. (Compl. ¶ 1, ECF No. 5.)

On April 2, 2013, Defendants removed the case to this Court alleging diversity

jurisdiction and accusing Plaintiff of fraudulently joining Allscripts Healthcare Solutions, Inc. as a party to defeat diversity jurisdiction. (ECF No. 1.) Plaintiff dismissed Allscripts Healthcare Solutions, Inc. and consented to the jurisdiction of this Court. (ECF No. 15.) In support of removal, Defendants represented that neither Allscripts, LLC nor Allscripts Healthcare, LLC were "citizen[s] of the State of Ohio," such that this Court "has original jurisdiction because of diversity of citizenship." (Pet. for Removal 3 at ¶ 11, ECF No. 1.)

Defendants then moved to stay the litigation and twice sought extensions of time to file their answer. (ECF Nos. 6, 7, 10.) The Court denied Defendants' motion to stay and ordered them to answer by May 31, 2013. (ECF No. 14.) On May 31, 2013, Defendants filed a motion seeking dismissal or transfer to the United States District Court for the Eastern District of North Carolina. (ECF No. 16.) On June 20, 2013, Plaintiff's counsel asked Defense counsel to identify the membership of its entities in an effort to ascertain whether diversity jurisdiction actually existed. Defense counsel did not respond, prompting Plaintiff to make three additional inquiries over the course of a month. Because Defense counsel still did not respond, Plaintiff contacted the Court to schedule a conference call to address the issue. Prior to the scheduled call, on July 23, 2013, Defense counsel tendered a proposed order stipulating to remand.

During the July 25, 2013 conference call, Defense counsel conceded that complete diversity between the parties does not exist such that remand is appropriate. The parties agree that the remaining issue is whether or not the "payment of just costs and any actual expenses, including attorney fees incurred as a result of the removal" under 42 U.S.C. § 1447(c) is proper. On this issue, Plaintiff has moved for costs and attorneys fees. (ECF No. 25.)

In the subject Motion for Costs and Fees, Plaintiff asserts that an award of costs in fees under 28 U.S.C. § 1447(c) is warranted given that Defendants lacked an objectively reasonable

2

basis for seeking removal. Plaintiff concedes that jurisdiction cannot be determined from the face of the Complaint, but posits that Defendants had a duty to investigate whether diversity jurisdiction existed prior to removal. Citing Defendants' subsequent motion to stay, their motions for an extension of time to file an answer, their motion to dismiss and transfer, and their failure to file an answer to date, Plaintiff maintain that Defendants' strategy is to delay this litigation. Plaintiff seeks "all of its fees associated with the removal and from the time of the removal." (Pl.'s Reply 6, ECF No. 28.) In the event fees are awarded, Plaintiff seeks seven days to file its fee petition.

Defendants counter that their removal of the instant action to this Court was objectively reasonable because diversity jurisdiction could not be determined from the face of the Complaint. Defendants explain that "Plaintiff could have pled its Complaint in such a manner to identify its members and their citizenship, but it chose not to do so . . . ." (Pl.'s Mem. In Opp. 3, ECF No. 27.) Defendants deny that they engaged in delay tactics. They further maintain that Plaintiff's consent to this Court's jurisdiction and their failure to move for remand also weigh against awarding costs and fees under § 1447(c). Finally, Defendants submit that the Court should reject Plaintiff's fee petition because it failed to attach supporting documentation. Defendants add that at most, Plaintiff could be reimbursed for four emails.

## II.

When a court determines that the removal of a state-court case to federal court was improper, "the action must be remanded, and the order 'may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal.'" *Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485, 488–89 (6th Cir. 2013) (quoting 28 U.S.C. § 1447(c)). An award of costs and fees under § 1447(c) is discretionary, "but subject to

3

the guidance set forth by the Supreme Court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136–37 (2005)." *Id.* (citing *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008). In *Martin*, the Supreme Court imposed an objective reasonableness standard, limiting a court's discretion to award fees to those cases in which "the removing party lacked an objectively reasonable basis for seeking removal." 546 U.S. at 141. The United States Court of Appeals has similarly held that an award of costs and fees under § 1447(c) "is inappropriate where the defendant's attempt to remove the action was fairly supportable, or where there has not been at least *some* finding of fault with the defendant's decision to remove." *Wartham*, 549 F.3d at 1059–60 (internal quotation marks and citation omitted).

## III.

It is clear that Defendants lacked an objectively reasonable basis for removal of this case to federal court. Defendants removed this action alleging diversity jurisdiction. Prior to removal, however, Defendants failed to do *any* investigation of the citizenship of the parties even though they concede that jurisdiction could not be determined from the face of the Complaint. In fact, even though Plaintiff commenced this action in February 2013, Defendants apparently failed to conduct any such investigation until June 2013, and only then because of Plaintiff's inquiries. Moreover, instead of promptly responding to Plaintiff's inquiries or seeking clarification of its citizenship,[1] Defendants purportedly spent more than a month to ascertain Plaintiff's citizenship. Defendants' contention that "Plaintiff could have pled its Complaint in such a manner to identify its members and their citizenship, but it chose not to do so . . . ." (Pl.'s

---

[1] In connection with its response to Defendants' Motion to Dismiss, Plaintiff submits the affidavit of Ms. Tami Cates, a corporate representative, in which she represents that Plaintiff's sole member is Allegiance Corporation, a Delaware corporation with its principal place of business in Ohio. (Cates. Decl. ¶ 2, ECF No. 17-3.)

Mem. In Opp. 3, ECF No. 27), fails to persuade. Plaintiff filed this action in state court and therefore had no duty to plead facts demonstrating federal jurisdiction. Indeed, Defendants, as the removing party, must demonstrate federal jurisdiction. *See Paul v. Kaiser Found. Health Plan*, 701 F.3d 514, 523 (6th Cir. 2012) (party removing the action to federal court has "the burden of establishing federal subject matter jurisdiction"). Plaintiff's subsequent actions of consenting to this Court's jurisdiction and failing to move for remand do not bear on whether Defendants had an objectively reasonable basis for seeking removal.

Plaintiff's subsequent actions are, however, relevant to the determination of the fees to be awarded. Most courts interpreting the meaning of "incurred as a result of the removal" have limited the award to those fees and costs incurred "researching and briefing a motion to remand." *Marel, P.M., S.A. v. LKS Acquisitions, Inc.*, No. 3:06-cv-366, 2010 WL 1372412, at *2 (S.D. Ohio Mar. 31, 2010) (collecting cases). In *3W International, Inc. v. Scottdel, Inc.*, 722 F.Supp.2d 934 (N.D. Ohio 2010), the court declined to award the fees and costs the defense counsel incurred in drafting a motion for remand even though the court had determined that the plaintiff lacked an objectively reasonable basis for removal. The court explained that the plaintiff's agreement to remand immediately upon becoming aware of the issue through the defendant's motion suggested that it would have just have readily agreed to remand after a simple phone call. *Id*. at 936. The court concluded that "[g]ranting [the defendant] full recompense would be both inequitable and unwise" because it could encourage lawyers to incur fees that could have been avoided. *Id*. at 937. Ultimately, the court awarded fees under § 1447 for what it would have cost to call or email the plaintiff to alert him of the jurisdictional issue and to warn him a motion of remand would be filed absent an agreement. (*Id*. at 936–37.)

Under the circumstances presented here, the Undersigned recommends that Plaintiff be

awarded its reasonable fees and costs incurred *after* it sent the June 20, 2013 email to Defense counsel alerting Defendants of the jurisdictional issue.  Costs and fees incurred prior to the June 20, 2013 email may have been avoidable had Plaintiff not consented to this Court's jurisdiction or raised the jurisdictional issue sooner.  Costs and fees incurred after the June 20, 2013 email are clearly attributable to Defendants' improper removal and refusal to respond to Plaintiff's jurisdictional inquiries.  Upon receipt of the June 20, 2013 email, Defense counsel could have communicated with Plaintiff's counsel in an attempt to determine whether their removal was proper.  Instead, Defendants failed to respond to Plaintiff's initial and subsequent inquiries, waiting until July 23, 2013, to stipulate to remand.  Significantly, during this timeframe, Plaintiff continued to pursue its motion seeking a venue transfer to another federal court.  (*See* Pl.'s July 11, 2013 Reply, ECF No. 18.)  Finally, the Undersigned rejects Defendants' assertion that the Court should deny Plaintiff's request for fees because it failed to attach a fee petition to its Motion.  In the event the Court determines that an award of fees is appropriate, Plaintiff may file a fee petition within seven (7) days.

In sum, the Undersigned finds that Defendants lacked an objectively reasonable basis for removal of this case to federal court.  It is **RECOMMENDED** that the Court **REMAND** this action to state court and **AWARD** reasonable attorneys' fees and costs incurred as a result of the improper removal, further limiting the fees and costs to those incurred *after* June 20, 2013. Plaintiff's forthcoming costs and fee petition may include costs for *pro hac vice* motions and attorneys' fees incurred in connection with the following: time expended opposing Defendants' motion seeking transfer; time expended corresponding with Defendants' counsel in an effort to ascertain their citizenship; and time expended in connection with the July 25, 2013 telephonic conference with the Court.  In the event the Court awards the recommended costs and fees,

6

Plaintiff may file its fee petition within seven (7) days of any order adopting this Report and Recommendation. The parties are encouraged to reach an agreement regarding the appropriate amount of fees to be awarded.

## IV.

For the reasons set forth above, it is **RECOMMENDED** that the Court **REMAND** this action to the Franklin County Court of Common Pleas Civil Division, Ohio; **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Costs and Fees (ECF No. 25) consistent with the foregoing; and **DENY AS MOOT** Defendants' Motion to Dismiss or in the Alternative Transfer Venue (ECF No. 16).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date:   August 13, 2013                                       /s/ *Elizabeth A. Preston Deavers*
                                                          Elizabeth A. Preston Deavers
                                                          United States Magistrate Judge