UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CARDINAL HEALTH 200, LLC,**

    **Plaintiff,**

                                                                         Civil Action 2:13-cv-305
    **v.**                                                       Judge Algenon L. Marbley
                                                         Magistrate Judge Elizabeth P. Deavers

**ALLSCRIPTS, LLC,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

On August 13, 2013, the United States Magistrate Judge issued a Report and Recommendation recommending that the Court remand this action to state court, grant in part and deny in part Plaintiff's request for costs and fees, and deny as moot Defendants' Motion to Dismiss or in the Alternative Transfer Venue.  (ECF No. 30.)  Thereafter, Defendants filed objections to the Report and Recommendation.  (ECF No. 33.)  Based upon the parties' agreement, the Court remanded this action to state court, denied Defendants' Motion to Dismiss as moot, and retained limited jurisdiction to resolve Defendants' Objections to the August 13, 2013 Report and Recommendation.  (ECF No. 38.)  This matter is before the Court for the consideration of the portion of the Report and Recommendation concerning costs and fees (ECF No. 30), Defendants' Objections (ECF No. 33), Plaintiff's Response (ECF No. 35), and Defendants' Reply in Support of Objections (ECF No. 37).  For the reasons that follow, Defendants' Objections are **OVERRULED**, the August 13, 2013 Report and Recommendation is **ADOPTED**, and Plaintiff's request for costs and fees is **GRANTED IN PART AND DENIED IN PART**.

**I.**

Defendants timely filed their objections to the Report and Recommendation under Federal Rule of Civil Procedure 72(b).  If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**II.**

The Magistrate Judge summarized the relevant factual background and the parties' arguments as follows:

> On February 27, 2013, Plaintiff filed this action in state court asserting state-law breach-of-contract and declaratory judgment claims against Defendants, Allscripts, LLC, Allscripts Healthcare, LLC, and Allscripts Healthcare Solutions, Inc.  The Complaint identified Plaintiff as a Delaware limited liability company with its principal place of business in Dublin, Ohio. (Compl. ¶ 1, ECF No. 5.)

> On April 2, 2013, Defendants removed the case to this Court alleging diversity jurisdiction and accusing Plaintiff of fraudulently joining Allscripts Healthcare Solutions, Inc. as a party to defeat diversity jurisdiction. (ECF No. 1.) Plaintiff dismissed Allscripts Healthcare Solutions, Inc. and consented to the jurisdiction of this Court. (ECF No. 15.)  In support of removal, Defendants represented that neither Allscripts, LLC nor Allscripts Healthcare, LLC were "citizen[s] of the State of Ohio," such that this Court "has original jurisdiction because of diversity of citizenship." (Pet. for Removal 3 at ¶ 11, ECF No. 1.)

> Defendants then moved to stay the litigation and twice sought extensions of time to file their answer. (ECF Nos. 6, 7, 10.)  The Court denied Defendants' motion to stay and ordered them to answer by May 31, 2013. (ECF No. 14.)  On May 31, 2013, Defendants filed a motion seeking dismissal or transfer to the United States District Court for the Eastern District of North Carolina. (ECF No. 16.)  On June 20, 2013, Plaintiff's counsel asked Defense counsel to identify the membership of its entities in an effort to ascertain whether diversity jurisdiction actually existed. Defense counsel did not respond, prompting Plaintiff to make three additional

> inquiries over the course of a month. Because Defense counsel still did not respond, Plaintiff contacted the Court to schedule a conference call to address the issue. Prior to the scheduled call, on July 23, 2013, Defense counsel tendered a proposed order stipulating to remand.
>
> During the July 25, 2013 conference call, Defense counsel conceded that complete diversity between the parties does not exist such that remand is appropriate. The parties agree that the remaining issue is whether or not the "payment of just costs and any actual expenses, including attorney fees incurred as a result of the removal" under 42 U.S.C. § 1447(c) is proper. On this issue, Plaintiff has moved for costs and attorneys fees. (ECF No. 25.)
>
> In the subject Motion for Costs and Fees, Plaintiff asserts that an award of costs in fees under 28 U.S.C. § 1447(c) is warranted given that Defendants lacked an objectively reasonable basis for seeking removal. Plaintiff concedes that jurisdiction cannot be determined from the face of the Complaint, but posits that Defendants had a duty to investigate whether diversity jurisdiction existed prior to removal. Citing Defendants' subsequent motion to stay, their motions for an extension of time to file an answer, their motion to dismiss and transfer, and their failure to file an answer to date, Plaintiff maintain that Defendants' strategy is to delay this litigation. Plaintiff seeks "all of its fees associated with the removal and from the time of the removal." (Pl.'s Reply 6, ECF No. 28.) In the event fees are awarded, Plaintiff seeks seven days to file its fee petition.
>
> Defendants counter that their removal of the instant action to this Court was objectively reasonable because diversity jurisdiction could not be determined from the face of the Complaint. Defendants explain that "Plaintiff could have pled its Complaint in such a manner to identify its members and their citizenship, but it chose not to do so . . . ." (Pl.'s Mem. In Opp. 3, ECF No. 27.) Defendants deny that they engaged in delay tactics. They further maintain that Plaintiff's consent to this Court's jurisdiction and their failure to move for remand also weigh against awarding costs and fees under § 1447(c). Finally, Defendants submit that the Court should reject Plaintiff's fee petition because it failed to attach supporting documentation. Defendants add that at most, Plaintiff could be reimbursed for four emails.

(Aug. 13, 2013 Report & Rec. 1–3, ECF No. 30.)

The Magistrate Judge then set forth the authority governing the propriety of awarding costs and fees incurred as a result of an improper removal as follows:

> When a court determines that the removal of a state-court case to federal court was improper, "the action must be remanded, and the order 'may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal.'" *Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512

3

> F. App'x 485, 488–89 (6th Cir. 2013) (quoting 28 U.S.C. § 1447(c)). An award of costs and fees under § 1447(c) is discretionary, "but subject to the guidance set forth by the Supreme Court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136–37 (2005)." *Id*. (citing *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008). In *Martin*, the Supreme Court imposed an objective reasonableness standard, limiting a court's discretion to award fees to those cases in which "the removing party lacked an objectively reasonable basis for seeking removal." 546 U.S. at 141. The United States Court of Appeals has similarly held that an award of costs and fees under § 1447(c) "is inappropriate where the defendant's attempt to remove the action was fairly supportable, or where there has not been at least *some* finding of fault with the defendant's decision to remove." *Wartham*, 549 F.3d at 1059–60 (internal quotation marks and citation omitted).

(*Id*. at 3–4.)

The Magistrate Judge concluded that Defendants lacked an objectively reasonable basis for removal of this action to federal court and recommended that the Court award reasonable attorneys' fees and costs incurred as a result of the improper removal. The Magistrate Judge further recommended that the Court limit those fees and costs to those incurred after June 20, 2013.

Defendants object to the Magistrate Judge's recommendation, asserting that her recommendation "appears to arise from incorrectly imposing a duty upon [Defendants] to investigate the citizenship of [Plaintiff's] members before removal." (Pl.'s Obj. 6, ECF No. 33.) Defendants further assert that they "had no duty or ability to investigate the identity of [Plaintiff's members] before removal, and Magistrate Judge Deavers erred in imposing such an impossible burden on [Defendants]." (*Id*.) Defendants contend that fees and costs are not appropriate because removal on diversity grounds was objectively reasonable based upon the allegations in the Complaint. Defendants alternatively submit that even if their removal was not objectively reasonable, fees and costs are not appropriate because they operated in good faith, with no motivation to delay or impose cost, and because they promptly stipulated to remand.

4

The Court finds Defendants' objections to be without merit. In recommending that the Court award limited costs and fees, the Magistrate Judge pointed out that on one hand, Defendants concede that jurisdiction cannot be determined from the face of the Complaint, yet on the other hand, they argued that removal on diversity grounds was objectively reasonable based upon the allegations in the Complaint. Judge Deavers also pointed out that although Defendants removed this action on April 2, 2013, alleging diversity jurisdiction, they "failed to do *any* investigation of the citizenship of the parties . . . until June 2013, and only then because of Plaintiff's inquiries." (Aug. 13, 2013 Report & Rec. 4, ECF No. 30.) The Court agrees with the Magistrate Judge's findings concerning the lack of investigation. Consistent with this finding, Defendants' removal petition fails to identify even their own members and the citizenship of those members. And significantly, despite Plaintiff's repeated inquiries and Defendants' assertion that this Court should conclude that their removal of this action was objectively reasonable, to date, Defendants have failed to identify their members and the citizenship of those members.[1]

The Magistrate Judge also noted Defendants' actions after removal, which the Court finds evidenced an intent to delay the progress of this litigation. Specifically, Judge Deavers noted that upon removing this action, Defendants contemporaneously moved to stay the litigation and twice sought extensions of time to file their answer before filing a motion seeking

---

[1]Defendants repeatedly submit that because Plaintiff's citizenship could not be discerned from the face of the Complaint, it was reasonable for them to assume that Plaintiff was a citizen of Ohio and Delaware and that they were under no obligation to investigate the true citizenship of Plaintiff's sole member either before or after removal. Even if the Court were to accept Plaintiff's contention, the Court cannot conclude that removal was objectively reasonable because Defendants have provided no evidence demonstrating that their members are not also citizens of Ohio or Delaware or that they had even ascertained the citizenship of their members prior to removal.

dismissal or venue transfer. Further, contrary to Defendants assertion, they did not "promptly offer[] to stipulate to remand to state court." As the Magistrate Judge pointed out, Defendant ignored Plaintiff's June 20, 2013 request to identify the membership of its entities, prompting Plaintiff to make three additional inquiries over the course of a month. Defense counsel failed to respond to any of these inquiries such that Plaintiff was forced to seek court intervention. On July 19, 2013, the Court scheduled a status conference for July 25, 2013, to address Defendants' refusal to identify its membership. Defendants waited until July 23, 2013, just two days before the conference, before agreeing to stipulate to remand. Even though Defendants failed to identify the citizenship of their members in their Petition for Removal, they were presumed to know their own citizenship when they removed this action on April 2, 2013. Thus, their repeated refusal to answer Plaintiff's jurisdictional inquiries necessitating court involvement, combined with their other actions after removal, reveals their intention to delay these proceedings.

The Court also agrees with the Magistrate Judge's finding that Plaintiff's actions subsequent to removal are relevant to the amount of fees to be awarded. Judge Deavers analyzed this issue as follows:

> Plaintiff's subsequent actions are . . . relevant to the determination of the fees to be awarded. Most courts interpreting the meaning of "incurred as a result of the removal" have limited the award to those fees and costs incurred "researching and briefing a motion to remand." *Marel, P.M., S.A. v. LKS Acquisitions, Inc.*, No. 3:06-cv-366, 2010 WL 1372412, at *2 (S.D. Ohio Mar. 31, 2010) (collecting cases). In *3W International, Inc. v. Scottdel, Inc.*, 722 F.Supp.2d 934 (N.D. Ohio 2010), the court declined to award the fees and costs the defense counsel incurred in drafting a motion for remand even though the court had determined that the plaintiff lacked an objectively reasonable basis for removal. The court explained that the plaintiff's agreement to remand immediately upon becoming aware of the issue through the defendant's motion suggested that it would have just have readily agreed to remand after a simple phone call. *Id*. at 936. The court concluded that "[g]ranting [the defendant] full recompense would be both inequitable and unwise" because it could

6

> encourage lawyers to incur fees that could have been avoided. *Id*. at 937. Ultimately, the court awarded fees under § 1447 for what it would have cost to call or email the plaintiff to alert him of the jurisdictional issue and to warn him a motion of remand would be filed absent an agreement. (*Id*. at 936–37.)
>
> Under the circumstances presented here, the Undersigned recommends that Plaintiff be awarded its reasonable fees and costs incurred *after* it sent the June 20, 2013 email to Defense counsel alerting Defendants of the jurisdictional issue. Costs and fees incurred prior to the June 20, 2013 email may have been avoidable had Plaintiff not consented to this Court's jurisdiction or raised the jurisdictional issue sooner. Costs and fees incurred after the June 20, 2013 email are clearly attributable to Defendants' improper removal and refusal to respond to Plaintiff's jurisdictional inquiries. Upon receipt of the June 20, 2013 email, Defense counsel could have communicated with Plaintiff's counsel in an attempt to determine whether their removal was proper. Instead, Defendants failed to respond to Plaintiff's initial and subsequent inquiries, waiting until July 23, 2013, to stipulate to remand. Significantly, during this timeframe, Plaintiff continued to pursue its motion seeking a venue transfer to another federal court. (*See* Pl.'s July 11, 2013 Reply, ECF No. 18.) Finally, the Undersigned rejects Defendants' assertion that the Court should deny Plaintiff's request for fees because it failed to attach a fee petition to its Motion. In the event the Court determines that an award of fees is appropriate, Plaintiff may file a fee petition within seven (7) days.

(Aug. 13, 2013 Report & Rec. 5–6, ECF No. 30.) The Court agrees with and adopts this analysis.

In sum, the Court has reviewed the Report and Recommendation and Defendants' Objections in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b) and finds Defendants' objections to be without merit. The Court concludes that Plaintiff is entitled to fees incurred after June 20, 2013, such that Plaintiff's forthcoming costs and fee petition may include costs for *pro hac vice* motions and attorneys' fees incurred in connection with the following: time expended opposing Defendants' motion seeking transfer; time expended corresponding with Defendants' counsel in an effort to ascertain their citizenship; and time expended in connection with the July 25, 2013 telephonic conference with the Court. The Court encourages the parties to reach an agreement regarding the appropriate amount of fees to be awarded.

**III.**

For the reasons set forth above, Defendants' Objections (ECF No. 33) are **OVERRULED**, the August 13, 2013 Report and Recommendation (ECF No. 30) is **ADOPTED**, and Plaintiff's Motion for Costs and Fees (ECF No. 25) is **GRANTED IN PART AND DENIED IN PART** as set forth above. In the event the parties are unable to reach an agreement regarding the appropriate amount of fees to be awarded, Plaintiff may file its fee petition **WITHIN SEVEN (7) DAYS**.

**IT IS SO ORDERED.**

                                              s/Algenon L. Marbley
                                              **ALGENON L. MARBLEY**
                                              **UNITED STATES DISTRICT COURT**

**DATED:  March 12, 2014**